CONSEIL ROCHAMBEAU No. 128, DE L'UNION SAINT JEAN BAPTISTE D'AMÉRIQUE *vs.* WILLIAM J. LAFLEUR & others.

Hampshire. March 28, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Fraternal Beneficiary Corporation. Equity Pleading and Practice,* Exceptions to master's report.

R. L. c. 119, § 11, amended by St. 1908, c. 463, does not authorize a fraternal beneficiary corporation to transfer its membership to a council of a corporation organized under the laws of another State. In the present case, if the statute had been applicable, the attempted transfer would have been of no effect, because it did not appear that the requirements of the statute had been complied with.

In a suit in equity exceptions to a master's report cannot be taken merely by filing with the master objections to his report entitled "Objections and exceptions."

BILL IN EQUITY, filed in the Superior Court on October 2, 1909, and amended on December 27, 1910, the plaintiffs by the amendment being alleged to be members of a fraternal beneficiary society composed of French-speaking people in the town of Northampton, called the Conseil Rochambeau No. 128 de L'Union Saint Jean Baptiste d'Amérique, a subordinate council of a corporation organized under the laws of the State of Rhode Island, bringing the bill for themselves and other members against two individual defendants, two savings banks and a co-operative bank, praying

that the defendants might be ordered to turn over to the plaintiffs certain moneys deposited in the defendant banks.

By an order of court L'Union Saint Joseph, a corporation organized under the laws of this Commonwealth, was made a defendant.

The case was referred to John W. Mason, Esquire, as master, who at different stages of the case made a first and a second report.

The case was heard upon the two reports of the master by *Raymond, J.,* who made a final decree, ordering the individual defendants to transfer to the plaintiffs the deposits in the defendant Northampton Institution for Savings and the defendant Northampton Co-operative Bank standing in the name of L'Union Saint Joseph Society of Northampton, and ordering the defendant Northampton Co-operative Bank also to transfer to the plaintiffs ten shares of "the capital to be accumulated" standing in the name of L'Union Saint Joseph Society of Northampton. The defendants appealed from the decree.

The case was submitted on briefs.

*J. C. Hammond,* for the defendants La Fleur, Lariviere and L'Union Saint Joseph.

*W. J. Reilley,* for the plaintiffs.

SHELDON, J. It is not necessary to consider many of the questions which have been discussed in the briefs. The individual defendants held the funds in their hands as officers of L'Union Saint Joseph. That was a fraternal beneficiary society incorporated under the laws of Massachusetts. The attempted amalgamation or consolidation of this Massachusetts corporation with the Rhode Island corporation called L'Union Saint Jean Baptiste d'Amérique, or the transfer of its membership to a new council of that foreign corporation, was inefficacious and void, because it does not appear that it was "submitted to and approved by a two thirds vote of the certificate holders of each corporation." Nor was there a compliance with the other statutory requirements. R. L. c. 119, § 11. St. 1908, c. 463, has no application, because the Rhode Island corporation was not organized under the laws of this Commonwealth. Nor has the legal existence of this Massachusetts corporation been terminated in any other way. R. L. c. 119. St. 1911, c. 628. That being so, the facts found by the master do not show that the title to the corporate property has

been transferred or has passed in any way to the plaintiffs or to the voluntary association called Conseil Rochambeau, which they represent. It follows that the bill cannot be maintained.

There may be force in the plaintiffs' contention that the present alleged officers of the corporation have not been regularly elected or appointed to their respective positions. Perhaps also the present difficulties can be cured only by proper action to be taken at a full meeting duly called and with notice to all the members of the corporation. But however that may be, it does not help the plaintiffs. They show no title to the funds in dispute.

There are some errors and irregularities in the decree which would require correction if the bill could be maintained, but these need not now be noticed.

No exceptions to the master's report were filed in the Superior Court. The filing with the master of objections to his report was not enough, although these were entitled "Objections and exceptions."

The bill should have been dismissed with costs to the respective defendants.

*Decree reversed.*